UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES GOMES,  )
    Petitioner,  )
  )
v.  )  Civ. Action No. 04-40017-RGS
  )
DAVID L. WINN, Warden,  )
    Respondent.  )
  )

## RESPONDENT'S STATEMENT OF UNDISPUTED FACTS

1.    Petitioner James Gomes, Register Number 23823-038, is a federal inmate who has been incarcerated at the Federal Medical Center in Devens, Massachusetts (FMC Devens) since December 18, 2002. See **Document 1a**, Public Information Data, attached to the Declaration of FMC Devens Paralegal Trainee Stephanie Scannell ("Scannell Declaration"). On October 21, 2002, Petitioner was sentenced in the United States District Court for the District of Massachusetts to a 120-month term of incarceration with a five year term of supervised release to follow for Count One (1), Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922 (g)(1), and Count Two (2), Conspiracy to Possess with Intent to Distribute, in violation of 21 U.S.C. § 846. Scannell Declaration, **Document 1a**. Assuming Petitioner is granted all remaining Good Conduct Time available to him under 18 U.S.C. § 3624(b), his projected statutory release date on this docket is May 24, 2010. See Scannell Declaration, **Document 1a**. In the event that all of his remaining Good Conduct Time is disallowed, his full term expiration date is August 1, 2011. See Scannell Declaration, **Document 1a**.

2.  On July 19, 2003, Incident Report Number 1124685 was issued by Correctional Officer T. Flaven, charging Petitioner with Possession of a Weapon or Sharpened Instrument, a violation of Bureau of Prisons Prohibited Acts Code 104. See Scannell Declaration, **Document 1b**, Incident Report Number 1124685, §§ 9-13. The incident report stated that on July 19, 2003, at approximately 6:30 p.m., while conducting a shakedown of Petitioner's cubicle, two metal shanks were found under Petitioner's locker. Id.§ 11. "The shanks were both sharpened on one end [and] wrapped in tape on the other." Id.

3.  On July 20, 2003, at approximately 1:20 p.m., Lieutenant K. Duby delivered a copy of Incident Report Number 1124685 to Petitioner. See Scannell Declaration, **Document 1b**, §§ 14-16. Lieutenant K. Duby initiated an investigation into the incident at that time, which included an interview with Petitioner. Id.§ 22. After Petitioner was advised of his rights and indicated that he understood them, he stated that "the items found were not his and that he [did] not know where they came from." Id.§§ 23-24. Petitioner requested no witnesses during the investigation. Id.§ 25. Upon concluding the investigation, Lieutenant Duby concluded that the incident report was accurate and the charges valid, and referred the case to the Unit Disciplinary Committee (UDC) for further action. Id.§§ 26-27.

4.  On July 22, 2003, at approximately 10:00 a.m., a hearing was held before the UDC, which consisted of Unit Manager, T. Calabro, and Correctional Counselor, D. Premsingh. See Scannell Declaration, **Document 1b**, § 21. Petitioner appeared before the UDC and stated that "the shank is not mine or my cellies." Id.§ 17. Petitioner further stated that the shank might have been present in the cubicle before his occupancy, and that "I don't

2

know why anybody would do this to me." Id.§ 17. At the conclusion of the initial hearing, the UDC referred the offense to the Discipline Hearing Officer (DHO) for disposition. Id.§ 18-19. This referral was based upon the nature of the charge, and based upon the possibility of greater sanctions. Id. The UDC's recommendation to the DHO, if Petitioner was found to have committed this prohibited act, was 45 days in disciplinary segregation and a 25% loss of Good Conduct Time. Id.§ 20.

5. On July 22, 2003, at approximately 10:00 a.m., following the UDC hearing, Petitioner was given notice of his DHO hearing. See Scannell Declaration, **Document 1c**, Notice of Discipline Hearing Before the DHO. Petitioner was also advised of his rights before the DHO at that time. See Scannell Declaration, **Document 1d**, Inmate Rights at Discipline Hearing. Petitioner requested staff representation, and a staff member was appointed to the case. See Scannell Declaration, **Document 1c**. See also Scannell Declaration, **Document 1e**, Duties of a Staff Representative. Petitioner also provided the names of two inmate witnesses, and requested that they testify at the hearing on his behalf. See Scannell Declaration, **Document 1c**.

6. On July 24, 2003, at approximately 2:30 p.m., the disciplinary hearing was held. See Scannell Declaration, **Document 1f**, Discipline Hearing Officer Report, § I(B). Petitioner had a staff representative present at the hearing, who indicated that she had interviewed the requested inmate witnesses and advised Petitioner of their statements. Id. at § II(E). Petitioner indicated that he understood the charge, understood his rights, and had discussed the Incident Report with his staff representative. Id. at § III(B). During the hearing, Petitioner stated he had been in his assigned cell for two-and-a-half months. He

3

further stated, "I didn't make the knives." Id. "I don't have a reason to possess a weapon." Id. "I didn't know it (reported weapon) was there." Id. At that time, Petitioner was afforded the opportunity to view a photograph of the reported weapons. Id.

7. Petitioner did not request any witnesses during the original investigation of the incident. See Scannell Declaration, **Document 1b**, § 25. However, as indicated on the "Notice of Discipline Hearing" form, Petitioner had requested two inmates to testify at the hearing that he did not possess a weapon. See Scannell Declaration, **Document 1c**. These two inmates both provided written statements on July 24, 2003. See Scannell Declaration, **Document 1f**, §§ III(C)(3), III(C)(4). See also Scannell Declaration, **Document 1g**, Written Statement of inmate A. Mourino, Register Number 15390-004, and Scannell Declaration, **Document 1h**, Written Statement of inmate D. Ferullo, Register Number 23467-038. These statements provided, respectively, that "I never saw anyone go in or out (of Petitioner's cell)" and "I didn't see any weapon at all." See Scannell Declaration, **Document 1f**, § III(C)(3). See also Scannell Declaration, **Document 1g** and Scannell Declaration, **Document 1h**. Petitioner was advised of these statements at the DHO hearing. See Scannell Declaration, **Document 1f**, § III(C)(3). Based on the written statements, the DHO determined that these two witnesses could not provide any testimony to show that the reported weapons were not taken from Petitioner's cell, or that another inmate was responsible for the weapons. Id. Consequently, these two inmate witnesses were not called to the hearing. Id.

8. At the conclusion of the hearing, the DHO determined that Petitioner committed the

4

prohibited act as charged, Code 104, Possession of a Weapon or Sharpened Instrument. See Scannell Declaration, **Document 1f,** §§ IV, V. The DHO indicated the finding was based upon the eyewitness account of the correctional officer, who stated that he confiscated two metal instruments with sharpened ends taped together from underneath the locker cabinet assigned to Petitioner. See Scannell Declaration, **Document 1f,** § V. The DHO's finding was also supported by the photographed documentation of the two sharpened instruments, which were determined to be purposely fashioned in a manner consistent with weapons. Id. See also Scannell Declaration **Document 1i,** Photograph of Sharpened Weapons found in G-A Unit, Cell 215, Under the Locker, Dated 7/19/03. Also, the DHO determined that these weapons could cause serious bodily harm to another person if wielded with sufficient force. See Scannell Declaration, **Document 1f,** § V.

9. Although the DHO considered Petitioner's statements, he determined that Petitioner failed to present sufficient evidence to refute the charge against him. See Scannell Declaration, **Document 1f,** § V. Because Program Statement 5270.07, Inmate Discipline and Special Housing Units, notifies inmates of their responsibility to "keep their area free of contraband," the DHO concluded that Petitioner had a reasonable opportunity to inspect the entire cell prior to this incident. Id. See also Scannell Declaration, **Document 1j,** Bureau of Prisons Program Statement 5270.07, Inmate Discipline and Special Housing Units, § 3, Rights and Responsibilities of Inmates, p. 1. Therefore, the DHO determined that Petitioner committed the prohibited act based upon the greater weight of the evidence. See Scannell Declaration, **Document 1f,** § V.

10. After finding that Petitioner violated Code 104, Possession of a Weapon or Sharpened

Instrument, the DHO imposed the sanction of 60 days Disciplinary Segregation (30 of 60 suspended pending clear conduct for 180 days) and disallowance of 40 days of good conduct time. See Scannell Declaration, **Document 1f**, § VI. The DHO also imposed a loss of commissary privileges for six months, a loss of social telephone privileges for six months, and a loss of social visiting privileges for six months (suspended pending clear conduct for 180 days). Id. These sanctions were imposed to impress upon Petitioner and other inmates that such conduct will not be tolerated, and to deter Petitioner and other inmates from similar conduct in the future. See Scannell Declaration, **Document 1f**, § VII. They were also imposed to hold Petitioner responsible for the reported incident, as it threatens the security and orderly running of the institution. Id. Following this determination and imposition of sanctions, on July 31, 2003, Petitioner was provided with a copy of the DHO report and was advised of his right to appeal this action within twenty (20) calendar days under the Administrative Remedy Procedure. Id. at §§ VIII, IX.

11. Petitioner has exhausted all of his available administrative remedies on the issue that is the subject of this current petition.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
Tel. No. (617) 748-3136

### Certificate of Service

IT IS HEREBY CERTIFIED that on this 31 day of March 2004, service of the foregoing Motion has been made upon the following by depositing a copy in the United States mail, postage prepaid to, James Gomes, Reg#23823-038, Federal Medical Center- Devens, PO Box 879, Ayer, MA 01432.

Mark J. Grady
Assistant United States Attorney

7